# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rustam Sadykov,

    Petitioner,

v.

Unknown Party, et al.,

    Respondents.

No. CV-25-04528-PHX-DJH (JZB)

**ORDER**

    Petitioner, through counsel, submitted this matter through the Court's After-Hours Emergency Process. Petitioner filed this 28 U.S.C. § 2241 action seeking to enjoin his removal while a Motion to Reopen is pending before the Board of Immigration Appeals ("BIA"). (Doc. 1.) He also filed an Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 2.) The Court will deny the Emergency Motion for Temporary Restraining Order and dismiss the Petition.

**I.    Background**

    Petitioner alleges he arrived in the United States as an arriving alien and was placed in immigration proceedings. Petitioner alleges he is scheduled to be removed from the United States despite his pending Motion to Reconsider before the BIA. So, he seeks to enjoin his removal pending adjudication of his habeas petition. Specifically, Petitioner claims his appeal to the BIA was improperly dismissed as untimely and the BIA's "untimeliness finding was factually and technically incorrect." (Doc. 2 at 2.)

    . . . .

**II.   Summary Dismissal**

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits appended to it that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing § 2254 Cases; *see also, e.g.*, *Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4).

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). District courts are directed to screen habeas corpus petitions before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[1] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

**III.   Discussion**

Habeas corpus review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[2] or "challeng[ing] a

---

[1] The Rules governing section 2254 cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

[2] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release." *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

Petitioner contends his appeal to the BIA was timely filed but due to "technical errors on the BIA's electronic filing system, the appeal was not processed." (Doc. 1 at 4.) Petitioner filed a Motion to reconsider the decision that his appeal was untimely, and that Motion remains pending before the BIA. Petitioner alleges executing a removal order while a motion to reconsider is pending would violate his due process rights and 8 C.F.R. § 1003.2. (*Id.* at 5.) Finally, Petitioner challenges the BIA's denial of his request for stay of removal, arguing it lacked "meaningful explanation" and was arbitrary and capricious under the Administrative Procedure Act. (*Id.* at 6.)

Petitioner's challenge to his removal order, under these circumstances, is barred from habeas corpus review under 8 U.S.C. §§ 1252(a)(5) and (b)(9). *See Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011); *see also J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) ("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue–whether legal or factual–arising from any removal-related activity can be reviewed only through the [petition for review] process" before the court of appeals); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)"). Petitioner's habeas petition is the type of claim that challenges the procedure and substance of the BIA's determination, and it is linked to the prior order of removal.

Accordingly, Petitioner fails to state a cognizable claim for habeas corpus relief, so the Petition will be dismissed, and the Emergency Motion for Temporary Restraining Order will be denied.

**IT IS ORDERED:**

(1) Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a

Person in Federal Custody (Doc. 1) and this action are **dismissed**.

(2) Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied**.

(3) All remaining motions are **denied as moot**. The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 10th day of December, 2025.

*[signature]*

Honorable Diane J. Humetewa
United States District Judge